# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR10-0042 |
| Plaintiff, | |
| vs. | ORDER FOR PRETRIAL DETENTION |
| MICHAEL RICARDO GOSSITT, JR., | |
| Defendant. | |

On the 20th day of August, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. At Defendant's initial appearance before a judicial officer, August 3, 2010, the Government moved for Defendant's detention prior to trial, and the Court set a hearing regarding the issue of detention for August 5, 2010. However, on August 4, 2010, counsel for Defendant notified the Court that the Defendant agreed to be detained subject to his ability to request and receive a prompt hearing on the Government's motion for detention at a later time. Accordingly, the Court cancelled the hearing scheduled for August 5, 2010. On August 16, 2010, counsel for the Defendant notified the Court that Defendant desired a hearing on the issue of detention, and the Court scheduled the instant hearing. The Government was represented by Assistant United States Attorney Marti Sue Sleister. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## RELEVANT FACTS

On June 8, 2010, Defendant Michael Ricardo Gossitt, Jr. was charged by Indictment (docket number 2) with being a felon in possession of a firearm. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on October 4, 2010.

1

Officer Lauren Fairclothe of the Cedar Rapids Police Department testified regarding the circumstances underlying the instant charge. On February 5, 2010, an off-duty police officer observed an intoxicated person on 8th Avenue in Cedar Rapids, Iowa. The off-duty officer called an on-duty officer and reported the observations.

A police officer approached Defendant, the suspected intoxicated individual on 8th Avenue, but he walked away from her and refused to speak with her. The officer determined that Defendant was indeed intoxicated. The officer continued to try and communicate with Defendant, but he attempted to run away. The officer grabbed Defendant's jacket, but Defendant shed his jacket and continued to run away. Defendant eventually stopped running, but resisted arrest. Four police officers were needed to place Defendant in handcuffs. One officer suffered a minor injury during the arrest. Upon arrest, the officers discovered a .38 caliber revolver in Defendant's right front pocket.

According to the pretrial services report, Defendant is 30 years old, single, and never married. However, Defendant has a long-term relationship with his girlfriend, and they have one child who is four years old. Defendant was born in Chicago, Illinois. He moved to Cedar Rapids about 10 years ago. Defendant currently resides with his girlfriend in Cedar Rapids. Defendant's father and brother also live in Cedar Rapids.

Defendant graduated from high school in Chicago in 1997. Recently, Defendant has taken two semesters of classes at Kirkwood Community College. Defendant has been unemployed since spring 2008. Prior to 2008, he worked for the Can Shed and Silvercrest Recycling in Cedar Rapids.

Defendant is in generally good physical health. However, Defendant suffers from bipolar disorder. He takes medication for his mental health condition. Defendant has a history of alcohol abuse and regular marijuana use. According to Defendant, he drank on a daily basis from 2008 to early 2010, but has abstained from alcohol since he was arrested for intoxication in February 2010.

In September 1996, Defendant was charged with possession of cannabis in Cook County, Illinois. In January 1997, while his possession of cannabis charge was still pending, Defendant was charged with the manufacture and delivery of cocaine and the manufacture and delivery of cannabis. Defendant was given probation for the manufacture and delivery charges. In May 1997, while on probation and under court supervision for his previous offenses, Defendant was charged with the manufacture and delivery of controlled substances. He was sentenced to probation in March 1998. In December 1998, while on probation, Defendant was charged with possession of cannabis. In February 1999, while on probation, Defendant was charged with disorderly conduct. In March 1999, while on probation, Defendant was charged with unlawful use of a firearm by a felon and possession of cannabis. In May 1999, while on probation, Defendant was charged with domestic battery. He was sentenced to 30 days in jail.

In October 2006, Defendant was charged with assault in Black Hawk County, Iowa. An arrest warrant was issued on November 21, 2006, but the warrant was not served until July 14, 2008. In July 2007, Defendant was charged with knowingly causing damage to property in Cook County. The charge was stricken, however, "with leave to reinstate." In August 2007, Defendant was charged with OWI, first offense, in Linn County, Iowa. He was sentenced to two days in jail and ordered to pay a fine. In July 2008, Defendant was charged with carrying a concealed weapon and possession of a controlled substance. He was sentenced to 90 days in jail (suspended) and one year probation. In November 2008, while on pretrial release on the controlled substance charge, Defendant was charged with OWI, second offense, and sentenced to 15 days in jail and ordered to pay a fine. In November 2009, while on probation on the controlled substance charge, Defendant was charged with OWI, third offense, and sentenced to five years in prison with all but 30 days suspended and three years probation. In February 2010, while still on probation for the controlled substance charge and while on pretrial release on the OWI-3rd charge, Defendant was charged with interference with official acts causing bodily injury and

consumption/intoxication. (This is the same incident which gives rise to the instant charge.) He was sentenced to four days in jail and ordered to pay a fine.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a felon in possession of a firearm, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety

4

of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. The weight of the evidence against Defendant is strong. When Defendant was arrested on February 5, 2010, police officers found a .38 caliber revolver in his right front pocket. Of principal concern to the Court is Defendant's alcohol and drug use and criminal history. Defendant has a consistent history of alcohol abuse, and admitted using marijuana until the time of his arrest. At the time of this incident in

5

February 2010, a handgun was found in Defendant's possession while he was intoxicated. He also has repeated arrests and convictions for OWI. Furthermore, Defendant has a record of not complying with conditions of pretrial release or probation. Significantly, many of Defendant's convictions occurred while he was on probation or pretrial release. The events giving rise to the instant charge occurred while Defendant was on probation in one case and on pretrial release in another. The evidence regarding Defendant's unlawful possession of a firearm, criminal history, use of alcohol and drugs, and failure to comply with conditions of release or probation, leads the Court to conclude that there is a danger to the community if he is released. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.  The time from the Government's oral motion to detain (August 3, 2010) until the time Defendant waived his right to a hearing (August 4, 2010) is excluded, and the time from when Defendant requested a detention hearing be set (August 16, 2010) until this Ruling (August 23, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 23rd day of August, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA