# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 10-CR-42-LRR |
| vs. | **ORDER** |
| MICHAEL RICARDO GOSSITT, Jr., | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matters before the court are Defendant Michael Ricardo Gossitt, Jr.'s Objections (docket no. 31) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 27) and the government's Objections (docket no. 32) to the Report and Recommendation. Judge Scoles recommends that the court deny Defendant's Motion to Suppress ("Motion") (docket no. 21).

## *II. RELEVANT PROCEDURAL HISTORY*

On June 8, 2010, a grand jury returned a one-count Indictment (docket no. 2) against Defendant. Count 1 charges Defendant with Being a Felon in Possession of a Firearm, in violation of 18 U.S.C § 922(g)(1) and § 924(a)(2). The Indictment also contains a forfeiture allegation. On August 31, 2010, Defendant filed the Motion. On September 8, 2010, the government filed its Resistance (docket no. 23). On September 13, 2010, Judge Scoles held a hearing ("Hearing") on the Motion. Attorney JoAnne Lilledahl represented Defendant, who was personally present. Assistant United States Attorneys Marti Sleister and Robert Teig represented the government. On September 16, 2010, Judge Scoles filed the Report and Recommendation. On September 30, 2010, the parties filed their Objections to the Report and Recommendation.

## III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *see also* Fed. R. Crim. P. 59(b)(3) (stating "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed R. Crim. P. 59(b)(3) (stating a "district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions"). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the undersigned reviews the parties' objections de novo.

## IV. DEFENDANT'S OBJECTIONS

Defendant lodges two objections to the Report and Recommendation. First, he objects to Judge Scoles's conclusion that Cedar Rapids Police Officer Sarah Vogel had reasonable suspicion to seize him. Second, he objects to Judge Scoles's conclusion that Officer Vogel conducted the stop of Defendant pursuant to a police officer's "community caretaking function."

### A. Reasonable Suspicion

There are three categories of law enforcement encounters. *United States v. Johnson*, 326 F.3d 1018, 1021 (8th Cir. 2003). First, there are consensual encounters. *Id.* Consensual encounters are described as "communications between officers and citizens that are consensual and involve no coercion or restraint of liberty." *Id.* The Fourth

Amendment does not apply to consensual encounters. *Id.* Second, there are *Terry*[1] stops. *Id.* *Terry* stops are "brief, minimally intrusive seizures . . . which are considered significant enough to invoke Fourth Amendment safeguards and thus must be supported by a reasonable suspicion of criminal activity." *Id.* Third, there are custodial arrests, which "must be based on probable cause." *Id.*

The parties agree that Officer Vogel's contact with Defendant was not consensual. The parties also agree that Officer Vogel's initial contact with Defendant did not constitute a full custodial arrest. The issue, then, is whether Officer Vogel's seizure of Defendant was based upon reasonable suspicion. To authorize an investigative seizure, law enforcement must have "reasonable suspicion supported by articuable facts that criminal activity may be afoot." *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (internal quotation marks omitted). There is no firm definition of what constitutes reasonable suspicion. *Id.* Reasonable suspicion is "something more than an inchoate and unparticularized suspicion or hunch." *Id.* (internal quotation marks omitted). This "level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence." *Id.* The court must evaluate the totality of the circumstances in its determination of whether the officer had reasonable suspicion that Defendant may be engaging in criminal activity. *United States v. Gray*, 213 F.3d 998, 1000-01 (8th Cir. 2000).

The court agrees with Judge Scoles's analysis regarding reasonable suspicion. Although the parties dispute the reliability of Officer Kevin Lukan's testimony, his observations are largely irrelevant to the reasonable suspicion analysis. Officer Vogel was free to approach Defendant for any reason or no reason at all. It was only after she grabbed his arm that she had seized him, thus requiring reasonable suspicion. Officer Vogel testified that, at the point she grabbed Defendant's arm, she had observed "bloodshot, watery eyes," "swaying" and "slurred speech." Hearing Transcript (docket

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

no. 29) at 34-35. She interpreted these as indicators of intoxication.[2] The observations, paired with Officer Vogel's training and experience in identifying intoxicated persons, amounted to a reasonable suspicion that Defendant was committing the offense of public intoxication. Accordingly, Defendant's objection related to reasonable suspicion is overruled.

### B. Community Caretaking

Because the court finds that Officer Vogel conducted a lawful *Terry* stop of Defendant, it need not reach Defendant's objections related to the community caretaking issue.

### V. GOVERNMENT'S OBJECTIONS

In its Objections, the government requests that the court rely on additional information in its seizure and reasonable suspicion analysis. First, the government argues that Officer Vogel did not recover any evidence from the initial grabbing of Defendant's coat. Law enforcement discovered the firearm after they had obtained additional reasonable suspicion by virtue of Defendant's flight. Second, the government requests that the court rely on Officer Lukan's statements as well as Officer Vogel's in its analysis. Third, the government points to a recent case on point.[3]

---

[2] Public intoxication is an offense in Iowa pursuant to Iowa Code § 123.46. Public intoxication's classification as a misdemeanor does not affect the reasonable suspicion analysis. *See United States v. Banks*, 553 F.3d 1101, 1104-05 (8th Cir. 2009) (affirming the district court's denial of the defendant's motion to suppress when officers had reasonable suspicion that the defendant was committing the "petty misdemeanor" offense of "riding his bicycle at night without a headlight").

[3] The court does not consider the government's third request to be an objection to the Report and Recommendation. The government's third "objection" simply points to additional support for its original arguments. The court has considered all the case law it deems relevant.

The court declines to modify the Report and Recommendation. Judge Scoles's analysis regarding reasonable suspicion is sound. The court credits Officer Vogel's testimony regarding her own observations and finds them to be the most persuasive in its totality of the circumstances analysis. Additionally, the court has found that Officer Vogel had reasonable suspicion to seize Defendant before she grabbed his arm. Therefore, it need not analyze whether she acquired additional suspicion as a result of Defendant's flight. Accordingly, the government's Objections are overruled.

## *VI. CONCLUSION*

In light of the foregoing, the court **ORDERS:**

(1)  Defendant's Objections (docket no. 31) are **OVERRULED**;

(2)  The government's Objections (docket no. 32) are **OVERRULED**;

(3)  The Report and Recommendation (docket no. 27) is **ADOPTED**; and

(4)  The Motion (docket no. 21) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 22nd day of October, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA